**Michael C. Baxter**, Oregon State Bar ID Number 91020
michael@baxterlaw.com
**Justin M. Baxter**, Oregon State Bar ID Number 99217
justin@baxterlaw.com
Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff Michael A. Karmolinski, II

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL A. KARMOLINSKI, II

        Plaintiff,

      v.

EQUIFAX INFORMATION SERVICES LLC,
a foreign corporation,
EXPERIAN INFORMATION SOLUTIONS, INC.,
a foreign corporation,
TRANS UNION LLC,
a foreign corporation, and
CITIBANK SOUTH DAKOTA, N.A.,
a foreign corporation,

        Defendants.

_____

Case No. CV 04-1448-AA

PLAINTIFF'S MOTION TO COMPEL
PRODUCTION FROM DEFENDANT
TRANS UNION LLC

        Pursuant to Federal Rule of Civil Procedure 37, plaintiff Michael A. Karmolinski, II

("plaintiff") hereby moves to compel production from defendant Trans Union LLC ("Trans

Union" or "defendant") of documents requested in his Requests for Production Nos. 1, 33 and 54

Page 1 PLAINTIFF'S MOTION TO COMPEL PRODUCTION FROM TRANS UNION

(Ex. 1); and plaintiff moves to compel responsive answers to Requests for Interrogatories No. 18 (Ex. 2); and Requests for Admissions Nos. 5, 14, 18, 22, 23 and 24 (Exs. 3 and 4).

<u>**CERTIFICATE OF COMPLIANCE REGARDING CONSULTATION**</u>

Plaintiff certifies that the parties consulted by telephone on July 25, 2006. (Ex. 5)  Plaintiff has not received any further response from Trans Union and today is the cutoff of discovery.

<u>**PLAINTIFF'S MOTION TO COMPEL**</u>

**1.  <u>Plaintiff's Request for Production of Documents</u>**

**<u>Request No. 1:</u>**

Plaintiff requested all consumer credit reports, consumer disclosures, updates or compilations of information from plaintiff's credit file as that term is defined in 15 USC § 1681a(g), including historical or archived documents.

Trans Union indicates it has provided all consumer reports, credit reports, consumer disclosures, updates or other compilations of information in plaintiff's file which Trans Union possesses including any historical or archived documents, other that the information which plaintiff requested in his July 25, 2006 letter.  Trans Union indicated it would produce "namescans" but has not produced them.

Since conferring, plaintiff has learned that Trans Union has not produced portions of plaintiff's credit file which plaintiff asked for claiming it was privileged (i.e. plaintiff's credit report).  For those records which are legitimately privileged, plaintiff requests that Trans Union produce a "privilege log" of all documents which Trans Union has not provided pursuant to any privilege or work product doctrine objection.

**<u>Request No. 33:</u>**

Plaintiff requested all agreements under which any furnisher reported information or accessed information relating to plaintiff.

Trans Union agreed to produce its contract with Citifinancial.   As of today, no contract has

Page 2 PLAINTIFF'S MOTION TO COMPEL PRODUCTION FROM TRANS UNION

been produced.

**Request No. 54:**

Plaintiff requested all studies and reports on the accuracy of information in Trans Union's consumer reports or consumer reports generally.

Defendant's response was that it would investigate and determine if there were any such studies and let plaintiff know.  If such studies exist, it indicated they would be produced. Plaintiff has received no response from Trans Union.

**2.  Plaintiff's Request for Admissions**

FRCP 36 states that a party may serve upon another party a written request for the admission of a statement, that relate to a statement of fact or a statement as to the application of law to fact.   Plaintiff served numerous such statements to defendant.  Plaintiff seeks an order from the Court that defendant admit or deny the following statements:

**Request for Admission No. 5:**

Trans Union allows accounts to remain on consumer's credit reports after Trans Union determines there are questions regarding an accounts accuracy.

Defendant objected to the Admission stating it was ambiguous and overbroad and calls for information regarding consumers other than plaintiff.

**Request for Admission No. 14:**

Trans Union did not inform Citibank that Enterprise had told them that they had been authorized by Citibank to handle Citibank account number 4223980211797408.

Defendant objected stating it assumes facts not in evidence or otherwise established. Discovery has been completed and Trans Union can now answer.

**Request for Admission No. 18:**

Defendant Trans Union denies responsibility for any false information Trans Union reported concerning plaintiff in the two years prior to the filing of the complaint.

Defendant objected that the request was ambiguous, argumentative, and an improper subject for a request for admission. It further objected that the request was irrelevant and immaterial and called for information not reasonably calculated to lead to the discovery of admissible evidence. Discovery has been completed and Trans Union can now answer.

**Request for Admission No. 22:**

Admit that Trans Union reported false information about plaintiff in the two years prior to the filing of the case.

Defendant objected that the request was overly broad and that they were without sufficient information to admit or deny the request because discovery was ongoing, in particular with respect to the accuracy of the information reported by co-defendant Citibank.

Defendant has since taken the deposition of defendant Citibank and Trans Union can now answer.

**Request for Admission No. 23:**

Defendant completely denies any responsibility or fault in regard to any false, inaccurate or incomplete information that defendant reported concerning plaintiff in the two years preceding the filing of the complaint.

Defendant objected that the request assumed facts not in evidence, was overly broad and compound and was an impermissible negative pregnant. Trans Union further objected that it was an impermissible subject for a request for admission. Trans Union further objected to the request that it called for information not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Admission No. 24:**

Admit that Trans Union sold false information concerning plaintiff in the two years prior to the filing of the case.

Defendant objected that the request was overly broad and ambiguous and that it was

Page 4 PLAINTIFF'S MOTION TO COMPEL PRODUCTION FROM TRANS UNION

without sufficient information to admit or deny the request. Since this request Trans Union has taken the deposition of co-defendant Citibank.

**3. Plaintiff's Request for Interrogatories:**

**Request for Interrogatory No. 18:**

Describe and explain any and all procedures or policies which have been impacted or altered by credit repair organizations in the processing of disputes.

Defendant responded that it objects to the interrogatory on the ground that it is ambiguous, overly broad and calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff asked defendant if he intended to raise the issue of credit repair organizations during the trial. Trans Union said it did. If Trans Union intends to raise this issue, plaintiff is entitled to know what procedures or policies have been impacted or altered in the processing of disputes.

In the alternative, plaintiff moves the court to exclude testimony regarding credit repair organizations at trial.

DATED this 10th day of August, 2006.     /s/ Michael C. Baxter

_____

**MICHAEL C. BAXTER**, OSB # 91020
michael@baxterlaw.com
**JUSTIN M. BAXTER**, OSB # 99217
(503) 297-9031
(503) 291-9172 (Facsimile)
**Attorneys for plaintiff**

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that I served the foregoing PLAINTIFF'S MOTION TO COMPEL
PRODUCTION FROM DEFENDANT TRANS UNION LLC on:

Donald E. Bradley
Musick, Peeler & Garrett LLP
650 Town Center Drive, Suite 1200
Costa Mesa, CA 92626          Of Attorneys for Defendant Trans Union

      [ ]  Via First Class Mail

      [ ]  Via Facsimile

      [ ]  Via Hand Delivery

      [x]  Via Email (CM/ECF)

DATED this 10th day of August, 2006.

                                /s/ Michael C. Baxter

                             _____
                              **MICHAEL C. BAXTER**, OSB # 91020
                              michael@baxterlaw.com
                              **JUSTIN M. BAXTER**, OSB # 99217
                              (503) 297-9031
                              (503) 291-9172 (Facsimile)
                              **Attorneys for plaintiff**