IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL KARMOLINSKI,                        Civ. No. 04-1448-AA

       Plaintiff,                        OPINION AND ORDER

  v.

EQUIFAX INFORMATION SERVICES,
LLC, a foreign corporation,
EXPERIAN INFORMATION SOLUTIONS,
INC., a foreign corporation,
TRANS UNION, LLC, a foreign
corporation, and CITIBANK
SOUTH DAKOTA, N.A., a foreign
corporation,

       Defendants.
_____

    Plaintiff filed suit against defendants alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681a, *et seq.* On December 21, 2005 and June 27, 2006, plaintiff's claims against defendants Citibank and Experian Information Solutions were dismissed pursuant to stipulation. Plaintiff now seeks to amend his complaint to omit claims against the dismissed defendants and

1   - OPINION AND ORDER

allege additional claims against defendant Trans Union. Specifically, plaintiff intends to allege two additional claims under the FCRA based on Trans Union's failure: 1) to consider information provided by plaintiff disputing false information on his credit report and to delete or correct the false information; and 2) to provide plaintiff with a copy of his credit file upon request. 15 U.S.C. §§ 1681i(a) and 1681g(a). Trans Union opposes plaintiff's motion, arguing that it is untimely.

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." The rule and relevant caselaw evince a "strong policy to permit the amending of pleadings." Sweaney v. Ada County, 119 F.3d 1385, 1392 (9th Cir. 1997) (internal quotes and citations omitted). The court must consider several factors when considering a motion to amend, including 1) undue delay, 2) bad faith, 3) prejudice to the opponent, and 4) futility of amendment. Id.

Here, Trans Union does not argue that plaintiff's motion to amend is brought in bad faith or is futile. Rather, Trans Union argues that plaintiff's motion is untimely and will cause delay in the proceedings due to additional discovery. However, Trans Union concedes that additional discovery and an extension of the discovery deadline will be necessary regardless of whether the motion is granted. Therefore, I find no prejudice resulting from plaintiff's proposed amendments.

2    - OPINION AND ORDER

## CONCLUSION

Plaintiff's Motion for Leave to Amend (doc. 90) and defendant's request to extend the discovery and pretrial deadlines are GRANTED. All discovery shall be completed and the Joint Alternative Resolution Report shall be filed by January 19, 2007, dispositive motions shall be filed by February 16, 2007, and the Pretrial Order shall be filed by March 16, 2007.

IT IS SO ORDERED.

Dated this 20 day of August, 2006.

_____
Ann Aiken
United States District Judge

3    - OPINION AND ORDER